CLAIR AERO, INC., Neville C. Brathwaite, Sr., Neville C. Brathwaite, Jr., Petitioners

v.

NATIONAL TRANSPORTATION SAFETY BOARD, Respondent.

No. 05–1444.

United States Court of Appeals, District of Columbia Circuit.

Feb. 16, 2007.

Edwin Marger, Jenny Rebecca Meyers, Law Offices of Edwin Marger, LLC, Jasper, GA, for Petitioners.

James Aloysius Barry, Washington, DC, for Respondent.

Before: GINSBURG, Chief Judge, and GRIFFITH, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

### *JUDGMENT*

This petition for review of an order of the National Transportation Safety Board was considered on the briefs and appendix filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the petition for review be denied.

Clair Aero et al. seek review of the Board's affirmance of the Federal Aviation Administration's revocation of their operational and airman certificates for conducting a "complimentary" flight for the British Virgin Islands Tourism Board while their Part 135 operating license was suspended. No person may work as a commercial operator, that is, carry persons or property by aircraft for compensation or hire, without a valid certificate. 14 C.F.R. § 119.5(g); *id.* § 1.1. Agency precedent establishes that the receipt of intangible benefits such as goodwill or the ex-

pectation of future economic benefits is compensation under the regulations, *see, e.g., Administrator v. Platt,* NTSB Order No. EA–4012, 1993 WL 478319 (Nov. 17, 1993), and the agency's finding that Clair Aero received such compensation from its "complimentary" flight for the Tourism Board is supported by substantial evidence. Agency precedent also indicates "[k]nowingly operating an aircraft while under suspension is one of the most serious violations an airman can commit," *Administrator v. Darst,* NTSB Order No. EA–4963, 2002 WL 507359 (Mar. 29, 2002), and revocation of the petitioners' licenses when, as experienced commercial operators, they should have known that the flight was prohibited, is not arbitrary or capricious. Their claim of ineffective assistance of counsel is without merit.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. R. 41.